No. 6113.

LOUISA M. DAWSON v. T. W. WARD ET AL.

1. TAX DEED.—Our courts have determined that from the tax deed no presumption is drawn that the requisite proceedings upon which the power to sell arises have been taken.

2. COUNTY TAX.—See order by county commissioners court *held* insufficient as a levy of county tax.

3. CLOUD UPON TITLE BY A VOID DEED—PRACTICE.—The petition alleged the existence of a void tax sale and that it was a cloud upon plaintiff's title. On the trial a tax deed for the land was produced and there was no testimony to any fact upon which the legality of the tax sale could be based, held that it did not devolve upon the plaintiff to further show the invalidity of the tax deed. It being void no testimony was required to authorize the court to treat it as invalid.

4. TESTIMONY SUFFICIENT.—See testimony to circumstances held competent and sufficient to prove a deed and its contents.

5. PARTNERSHIP TO BUY AT TAX SALES.—It being lawful to buy at tax
sales, a partnership to acquire lands through such sales is legal.
6. LIMITATION OF TEN YEARS.—That a defendant claimed a pre-emption
upon actual residence does not prohibit him from acquiring other lands
by possession under the limitation of ten years.

APPEAL from San Saba. Tried below before the Hon. A. W.
Moursund.

*Burleson & Harris,* for appellant:  On limitation, cited Re-
vised Statutes, article 39; Parker v. Baines, 65 Texas, 609;
Bracken v. Jones, 63 Texas, 186; Satterwhite v. Rosser, 61
Texas, 171; Chance v. Branch, 58 Texas, 493; Word v. Drouth-
ett, 44 Texas, 369, 370; Chandler v. Rushing, 38 Texas, 595;
Sloan v. Martin, 35 Texas, 418; Wheeler v. Moody, 9 Texas,
377; Tyler on Ejectment, 912.

Any combination which has a tendency to reduce the com-
petition at a tax sale operates as a fraud upon the owner, which
renders a purchase by such combination void.  (Dudley v.
Little, 2 Hammond, Ohio, Rep., 504; Blackwell on Tax Titles,
468.)

Purchase of land at a tax sale by a partnership formed ex-
clusively for the purpose of making such purchases is a con-
structive fraud upon the owner which renders the purchase
void.  (Dudley v. Little, 2 Hammond, Ohio, Rep., 504; Black-
well on Tax Titles, 467–469.)

*Fisher & Townes,* for appellees:  The burden was upon appel-
lant to deraign title to the land from the sovereignty of the
soil.  The deed from Komman and others to M. A. Dooley,
under whom appellant claims, was not properly admitted in
evidence, it not having been properly recorded, nor proven as
at common law, and not being an ancient instrument.  (Holmes
v. Coryell, 58 Texas, 681; Cox v. Cock, 59 Texas, 523; Parker v.
Spencer, 61 Texas, 155; Stroud v. Springfield, 28 Texas, 664;
Newby v. Haltaman, 43 Texas, 317.)

WALKER, ASSOCIATE JUSTICE.  This is an action of trespass
to try title, brought by appellant December 3, 1885, for four
tracts of land (one six hundred and forty acres, one three hun-
dred and twenty, and two of one hundred and sixty acres
each), aggregating one thousand two hundred and eighty acres
and lying together in a body, against appellees.

The defendants pleaded not guilty and limitation of five and. ten years.

The facts found by the court on the trial are as follows:

1. "That the instrument of writing purporting to be a conveyance by the original patentees to M. A. Dooley for the land sued for, bore date January 1, 1855, and was acknowledged on the same day before Walter A. Andross, and recorded in Travis county, Texas, October 23, 1871.

2. That the aforesaid instrument was by M. A. Dooley delivered to plaintiff on December 4, 1871, on which day Dooley conveyed the land sued for to plaintiff, which conveyance was recorded in Llano county in 1874.

3. The said original instrument executed by the patentees to Dooley has been lost, while in custody of plaintiff's father, who was her agent and who is dead.

4. The copy of said instrument offered in evidence is a true copy of same.

5. The records of Llano county were destroyed by fire, say in 1879.

6. M. A. Dooley is dead; also A. J. Harrall, who, as deputy clerk of Travis county, made the copy of the deed from the patentees to Dooley; and that diligent search has been made for the grantors in said instrument, and also for Walter A. Andross, but none of said persons can be found.

7. Defendants and those under whom they hold have had more than ten years adverse possession of part of survey No. 203 and part of 204, cultivating and using same.

8. On July 3, 1878, W. R. Doran executed to Williams & Snellings four tax deeds, each describing one of the tracts of land in controversy, which four deeds were duly acknowledged and recorded July 3, 1880. Afterwards, viz., in 1881 and 1882, Williams & Snellings conveyed their interests in said lands to defendants.

9. At the time Williams & Snellings purchased these lands Snellings was surveyor of San Saba county, and he and Williams purchased the land as partners, but were not connected as partners in any other business.

10. The land was sold for taxes in 1877. In 1877 the commissioners court of San Saba county levied a court house tax of one-fourth of one per cent, and also passed an order requiring the assessor to levy a general county tax of one-half the State.

11. The lands were at time of tax sale worth from one dollar to two dollars per acre.

From which facts the court declared the law to be:

1. The conveyance from the original patentees to M. A. Dooley, would have been admissible as an ancient instrument, and, being lost, secondary proof of its contents, by copy or otherwise, was admissible.

2. The plaintiff having set out title in defendants by virtue of the tax sale by Doran to Williams & Snellings, and alleged that such sale was void, could not recover unless she established the invalidity of such sale.

3. That the mere fact that Williams & Snellings jointly purchased said land does not invalidate said sale; nor does the mere fact that the tax collector levied upon all of said tracts of land.

And that, having failed to establish her allegations that the tax sale was void, the plaintiff can not recover, and judgment shall be rendered for defendants."

Appellant urges as error the seventh finding of fact, and the second and third of law, made by the court.

The petition in addition to formal parts of a petition in an action of trespass to try title, alleged further that defendants were setting up claim to the land under tax sales charged to be void, but a cloud on her title.

From the findings of the court it appears that the tax deed for the several tracts of land sued for with mesne conveyances to the defendants were introduced in evidence.

Our courts have determined that from the tax deed no presumptions are drawn that the requisite proceedings, upon which the power to sell follows, have been taken by the officers charged with the duty of levying the taxes, assessing the property and making the collections. "That the deed of the collector without proof of the compliance with all the requirements of the law necessary to call into exercise his authority to make the sale, is no evidence of title in the party claiming under it, is no longer an open question." (67 Texas, 54, Clayton v. Rhem.)

If the statement of facts be referred to in aid of the findings of the court a like absence is observed of the facts necessary to confer any power upon the sheriff, as collector, to make these sales. The order of the commissioners court cited as a levy of the general county tax does not in terms levy it, and it

is difficult, if not impossible, to interpret the words used as having that effect. The order is as follows: "It is ordered and decreed by the court, that the assessor be and he is hereby in structed to assess all taxes, that he is authorized to assess for the county at one-half of the amount he assesses for the State; and the sheriff is hereby authorized to collect the same according to the roll of the assessor." Besides there is nothing in the statement of facts showing any assessment of these lands as required by law. (Rev. Stats., arts. 4710, 4711.) Both a levy of the several taxes for which sale is made, and a legal assessment must be shown, or a tax sale is without authority, and the deed is no evidence of title. There are, therefore no sufficient facts in the record to raise a presumption, to be rebutted, that the tax deeds conveyed the lands.

The appellees refer to the case of Seguin v. Maverick, 24 Texas, 532, and to Hill v. Allison, 51 Texas, 393, where sheriffs' sales were attacked. In the first the rule is given, "The plaintiff having shown that the defendant had a title by virtue of a judicial sale, founded on the judgment of a court of competent jurisdiction, it devolved on her further to show that the judgment, or the sale under it, was void in order to invalidate the title." In the latter the nullity of the sale was asserted upon the alleged exemption of the land from execution as homestead at the time of the sale; and it was held that the burden of proving the exemption was upon the plaintiff.

In both cases—the judgment and execution sale—the power to sell and the sale were admitted in the pleadings of the plaintiff; but facts were alleged to avoid one or the other.

In this case the petition alleges the existence of a void tax sale, and that it is a cloud upon her title. On the trial the tax deed is produced, and there is an absence of facts from which a presumption can be based of the legality of the tax sale. There could have been no duty upon the plaintiff to rebut what did not exist. Neither the pleadings by the plaintiff nor the introduction by her of the tax deed required that judgment be rendered against her in absence of further testimony to support her allegation of the invalidity of the tax deed, it having been ascertained that she was the owner of the land.

The appellees insist that the first of the findings of legal conclusions is not supported by the facts found by the court upon which it is based, nor by the testimony. The facts are that on January 1, 1855, the parties named as grantees in the

patents joined in a deed to M. A. Dooley for these lands. The deed was acknowledged before the chief justice of Comal county. In 1856 the patents were issued and appear to have been received by Dooley. In November, 1871, the deed to Dooley was recorded in Travis county, Texas, and a copy taken from record same day. No part of the land is or ever was in Travis county. In December, 1871, Dooley, at New Orleans, where he and the plaintiff then resided, produced this original deed and the certified copy with the four original patents, all of which were delivered to plaintiff on her purchase of the land from Dooley. The deeds and patents were subsequently left by plaintiff with her father in New Orleans, she having removed to New York. After some years and her father's death, she found with her father's papers all the papers relating to these lands except the deed to Dooley from the patentees. She made diligent search for it in her own and among the papers left by her father. Deputy Clerk Harrall, who recorded the deed in Travis county, is dead. So is Andross, the chief justice of Comal county, before whom the deed was acknowledged. The makers of the deed can not be found, but no claim by or under them has been asserted against the plaintiff. The original deed, in December, 1871, when examined by the plaintiff upon her purchase, had the appearance of age and use, with no signs of want of genuineness. The plaintiff has been paying taxes on the lands, and she sent the necessary funds to redeem the land to the sheriff of San Saba county. No possession under any adverse title has been shown. Ake and Potter evidently entered without title, and possession grew into a defense to the extent the law allows upon such possession. Upon these facts the court held that the examined copy of the deed produced by the plaintiff, with these circumstances of its history, was competent as evidence. It was objected that it was not competent as an ancient document nor as a recorded instrument. Of course its standing was upon its production as an examined copy sworn to be correct. That Dooley got the patent in 1856 under it; claimed under it in 1871; that continued claim thereafter was made by plaintiff, and payment of taxes by her, are sufficient corroborating facts to its age and genuineness. (28 Texas, 664; 43 Texas, 317.) The court did not err in overruling the objections to the testimony, nor was his finding of facts unsupported.

The partnership between Snellings and Williams for the pur-

pose of speculating in the business of buying at tax sales was not in itself unlawful. Unless intended to prevent competition and prevent fair sales, neither the partnership nor its work would be against public policy. Tax sales being under authority of law, the purchasers at them necessarily have the sanction of law for their acts, regardless of the validity of the sales in which they purchase.

It is not necessary to pass upon the gross inadequacy in the price, and the conduct of the collector in selling at one or two per cent of the value the entire tract, while the law authorizes sales of fractional parts.

The findings of the court for defendants for one hundred and sixty acres, under the ten years statute, seems to be sustained by the testimony. That the pre-emptor Potter held possession in 1873 of this one hundred and sixty acre tract, while an occupant of his eighty acre pre-emption, would not be impossible. His title by limitation had not matured and he may have held possession by tenants.

The judgment will be reversed and here rendered in accordance with the findings of facts by the court below. Judgment for plaintiff for the lands sued for, less the one hundred and sixty acres described in the answer found for the defendants, and for the one hundred and sixty acre judgment for appellees.

*Reversed and rendered.*

Opinion delivered June 12, 1888.