ROBERT L. WRIGHT V. VERNON COMPRESS COMPANY

No. A-5837. Decided November 28, 1956.
Rehearing overruled January 2, 1957.
(296 S.W. 2d Series 517)

*Poteet & Pruitt* and *Warren Pruitt*, all of Vernon, for petitioner.

The Court of Civil Appeals erred in holding that the City of Vernon had good title to the property under the summary sale and in holding that the burden was upon plaintiff, Wright, to show that no levy of taxes had been made or to prove such matters as would be necessary to defeat such sale, because such sale was a summary sale, and a deed growing out of same is no evidence of title. Clayton v. Rehm, 67 Texas 54, 2 S.W. 45; Gulf, C. & S. F. Ry. Co. v. Poindexter, 70 Texas 98, 7 S.W. 316; Davie's Executors v. City of Galveston, 54 Texas 287.

*O. O. McCurdy* and *Jack E. Hightower*, both of Vernon, for respondent.

Before plaintiff could recover exclusive possession of the property in question, there being other joint owners, he must show that the defendant had no title to any interest, but was a trespasser. Watkins v. Smith, 91 Texas 589, 45 S.W. 560; Randell v. Robinson, Texas Civ. App. 172 S.W. 735; Steddum v. Kirby Lbr. Co., 110 Texas 513, 221 S.W. 920.

MR. JUSTICE SMITH delivered the opinion of the Court.

Petitioner Robert L. Wright sued the respondent Vernon Compress Company for the title and possession of Lots Two (2) and Three (3) in Block Seven (7) of the R. F. Jones Addition in the town of Vernon, Wilbarger County, Texas. In addition to the usual allegations in trespass to try title, petitioner specially plead title by adverse possession under the 3, 5, 10, and 25-year statutes of limitations of the State fo Texas. The respondent answered by pleas of not guilty and also alleged title by adverse possession under the 3, 5, 10, and 25-year statutes of limitations of the State of Texas. It further alleged the placing in good faith of valuable improvements upon said land

and consequently it sought judgment against the petitioner for all sums so expended in the event petitioner should recover title to the lots of land involved. After trial by the court, with the aid of a jury, the court entered judgment in favor of the petitioner for the title and possession of the land involved, and entered judgment in favor of the respondent for the sum of $500.00 being the sum found by the jury to be the enhanced value of the land by virtue of improvements placed on said land in good faith. This latter part of the judgment is not involved in this Court, hence, needs no further consideration, except to say that the judgment of the trial court on this phase of the case having become final must be affirmed. On appeal the Court of Civil Appeals has reversed the judgment of the trial court and rendered judgment that respondent Vernon Compress Company have title and possession of Lots Two and Three of Block Seven of the R. F. Jones Addition to the town of Vernon, Wilbarger County, Texas. 284 S.W. 2d 168.

The facts are rather involved but we believe that the following statement will afford a proper background for our decision in this case.

The land here involved was patented to T. Windsor Robinson on July 16, 1883 by the State of Texas. R. F. Jones was conveyed the property when a partition deed was executed by T. Windsor Robinson, trustee, and the other owners of the property on September 11, 1883. R. F. Jones conveyed the property to J. A. Rogers on October 15, 1889 and he conveyed to F. P. Heare on March 15, 1890. On April 11, 1892, A. C. McKinney, as Tax Collector for the City of Vernon, sold the property by summary sale for taxes to the City of Vernon, since there were no other bidders. The title acquired under this sale remained outstanding in the City of Vernon until after the commencement of this suit. The City of Vernon conveyed these lots to the Vernon Compress Company, defendant and respondent here, on November 17, 1954. Notwithstanding the conveyance to the City of Vernon in 1892 for delinquent taxes, F. P. Heare conveyed the property to Chester Clark, Milton May, W. D. Austin, and J. A. Cummins on March 6, 1894; J. A. Cummins taking a one-half interest, Clark and May each taking one-sixth interest, and W. D. Austin and R. N. Austin each taking one-twelfth interest. On May 24, 1894 J. A. Cummins conveyed his undivided one-half interest in this property to Milton May, C. C. Clark, and S. W. Merchant. Since the deed does not designate the share each received, this would give each one-third of Cummins' one-half interest or one-sixth interest of the whole. Mil-

ton May already owned a one-sixth interest, therefore, May's share would be one-third interest in the property. In 1901 the County Attorney of Wilbarger County, Texas instituted a suit against Milton May for the collection of state and county taxes and a foreclosure of the tax lien but did not join the City of Vernon nor any of the other part owners of said property. The suit was prosecuted to judgment and an order of sale was issued and the property in question was struck off under such foreclosure sale to W. B. Townsend and on March 21, 1902 the sheriff conveyed all of the interest which Milton May had on September 8, 1900 to W. B. Townsend. On September 22, 1905, W. B. Townsend conveyed the entire fee to Y. W. Thomason. Y. W. Thomason went into possession of the land in that same year and lived there until his death on May 18, 1918. The land was then occupied by the tenants of the heirs of Y. W. Thomason until 1932. Sometime about the year 1941 respondent claims its limitation title began when a man by the name of Shahay took possession of the property. About September 1946 one J. B. Hardin entered into possession and continued to live thereon until sometime during 1952. On January 21, 1952, J. B. Hardin conveyed the property to G. D. Edwards by quitclaim deed. G. D. Edwards died intestate leaving his wife and four daughters, three of the daughters being married and one was single and over twenty-one years of age. All three married daughters joined by their husbands and also the single daughter gave to their mother, Mrs. Florence Edwards, power of attorney granting her authority to sell the property in question and J. B. Hardin also gave Florence Edwards a deed to the property. On August 14, 1953, Florence Edwards by quitclaim deed transferred the property to Vernon Compress Company and the same was recorded on August 15, 1953. During the latter part of 1953, Robert L. Wright purchased from the heirs of Y. W. Thomason, and their respective wives, their interest in the land and had such instruments recorded on December 7, 1953. On March 11, 1954, Robert L. Wright as petitioner brought this suit against the Vernon Compress Company as respondent for title to the property in question.

At the close of the petitioner's evidence in this case and thereafter at the close of all the evidence, the respondent presented its motion for an instructed verdict which was by the court overruled. The respondent urged in its motion that it was entitled to an instructed verdict for the reasons (1) that the plaintiff-petitioner failed to establish title either by the record or by limitations, (2) that the undisputed record title and prior outstanding record title reposes either in respondent through

its deed from the City of Vernon, or else the prior legal outstanding title reposes in the City of Vernon and not in any way in the respondent, and further contended that the record title being in the City, limitations will not run against any political subdivision of the State of Texas, and (3) that if the petitioner ever acquired any title to the property by limitation or otherwise, the same had been lost and now reposes in the defendant-respondent by virtue of the continuous, adverse, open, notorious, hostile, and peaceable possession of the respondent.

In its submission of special issues to the jury, the court did not submit any issues inquiring as to petitioner's claim of title under either of the statutes of limitations of the State of Texas. The only issue of limitations submitted was an injury as to whether or not the respondent, Vernon Compress Company, acquired title under the ten-year statutes of limitations. In answer to this issue the jury gave a negative answer. The jury further found that the Thomasons, petitioner's predecessors in title, did not abandon the land in question.

The respondent-defendant filed its motion for judgment non obstante veredicto which was to the effect that under the undisputed evidence the respondent had acquired title under the ten-year statutes of limitations, and, therefore, no issue of fact was raised for submission to the jury. The Court of Civil Appeals has sustained this contention as well as the respondent's contention that it conclusively proved that it was the owner of the outstanding title which had been acquired by the City of Vernon under the tax sale above mentioned. We do not agree with the Court of Civil Appeals on either of these questions. First, we shall consider the question of outstanding title. Respondent relies on the title acquired by the City of Vernon under the deed from the Tax Collector to it.

■ On relying on a City Tax Collector's deed as a valid source of title must sustain that deed as to the authority to sell the land and that the statutory conditions were complied with. Meredith v. Coker, 1885, 65 Texas 29; Clayton v. Rehm, 1886, 67 Texas 52, 2 S.W. 45; Dawson v. Ward, 1888, 71 Texas 72, 9 S.W. 106; Earle v. City of Henrietta, 1897, 91 Texas 301, 43 S.W. 15, answering certified questions of Texas Civil Appeals, 1897, 41 S.W. 727. Under this rule, the Vernon Compress Company, the claimant under the deed to land sold by summary proceedings, has the burden of proof to sustain the sale because the collector's deed is not in itself conclusive proof that the authority conferred under the statute has been complied with.

Justice Brown, in the case of City of Henrietta v. Eustis, 1894, 87 Texas 14, 18, 26 S.W. 619, 620, when speaking of the collection of taxes by summary sale under statute stated:

"* * * It is not a remedy given for the benefit of the tax payer; it is harsh and summary to that degree that courts have universally held, that its provisions being for the benefit of the State, must be strictly pursued in order to divest title of the owner."

■ Independent of constitutional or statutory law, a tax deed does not affect title, unless the authority of the maker of the deed is shown by proof of the performance of all precedent requisites. Meredith v. Coker, supra; Dawson v. Ward, supra; Clayton v. Rehm, supra. Article 8, Section 13, of the Texas Constitution provides that the deed of conveyance to the purchaser for all lands and other property sold for taxes shall be held to vest good and perfect title in the purchaser thereof subject to be impeached only for actual fraud. The Constitution only states the effect of the deed when the law has been complied with—it dispenses with no proof. Meredith v. Coker, supra. However, under this provision of the Constitution, enabling legislation has been passed. Article 1059, Vernon's Annotated Civil Statutes of Texas, relating to Cities, Towns, and Villages, was passed by the Legislature pursuant to the Constitution. It is as follows:

"The assessor and collector shall, when any property has been sold for the payment of taxes, make, execute, and deliver a deed for said property to the person purchasing the same, and such deed shall be prima facie evidence in all controversies and suits in relation to the right of the purchaser, his heirs and assigns, to the premises thereby conveyed of the following facts:

"1. That the land or lot or portions thereof conveyed was subject to taxation or assessment at the time the same was advertised for sale, and had been listed or assessed in the time or manner required by law.

"2. That the taxes or assessments were not paid at any time before the sale.

"3. That the land, lot, or portion thereof conveyed had not been redeemed from the sale at the date of the deed, and shall be conclusive evidence of the following facts:

"(a)   That the land, lot or portion thereof sold was advertised for sale in the manner and for the length of time required by law.

"(b)   That the property was sold for taxes or assessments as stated in the deed.

"(c)   That the grantee in the deed was the purchaser.

"(d)   That the sale was conducted in the manner prescribed by law.

"And in all controversies and suits involving the title to land claimed and held under and by virtue of such deed, the person claiming title adverse to the title conveyed by such deed shall be required to prove, in order to defeat said title, either that the land was not subject to taxation at the date of the sale, that the taxes or assessment had been paid, that the land had never been listed or assessed for taxation and assessment, as required by this title, or some ordinance of the city, or that the same had been redeemed according to the provisions of this title, and that such redemption was made for the use and benefit of the person having the right of redemption under the law; but no person shall be permitted to question the title acquired by the said deed without first showing that he, or the person under whom he claims title, had title to the land at the time of the sale, or that the title was obtained after the sale; provided, however, that the owner of such property shall have the right to redeem the same at any time within two years of the day and date of the sale thereof, upon payment to the purchaser of double the amount of taxes for which the same was sold, together with the costs of such sale and double the amount of all taxes paid by the purchaser since such sale. Acts 1875, p. 113; G.L. vol. 8, p. 485."

This statute has undergone little change since its inception in 1875. It is to be understood that the Vernon Compress Company tendered the collector's deed without any proof of the levy of the tax by the city. The question then arises whether the respondent had to make this proof before obtaining the advantage of Article 1059, supra. Stating it in another way, did Article 1059, supra, change or dispense with any of the proof necessary for one relying upon a tax deed as a source of title? The case of Earle v. City of Henrietta, supra, sufficiently answers the question before us. This Court, in answering the

question as to whether the deed constituted prima facie evidence that the tax had been levied according to law, stated:

"* * * Article 518, (same as Article 1059 today) as above quoted, provides what facts shall be established prima facie by the deed when admitted as evidence, and what facts shall be conclusively established thereby, and in neither class is the levy of the taxes included. There is no express provision that the deed should be proof of the levy of the taxes, but it is excluded by the mention of other things, and no implication of an intention of the legislature to so provide can arise out of the language used. We conclude, therefore, that the levy of the tax by the city council was not proved by the introduction of the deed of the tax collector of the city of Henrietta. We therefore answer the first question in the negative.

"A state tax is levied by act of the legislature at a fixed amount, and the act making the levy is a public law, of which courts will take judicial notice. It is therefore unnecessary, where the deed is made in pursuance of a sale for state taxes, to make proof of the levy, because it is proved by the law itself. But, as before shown, the city council is authorized to levy taxes within a given limit. In order to give effect to the law, the council must act, and determine the rate to be collected, and must express that determination in the form and manner prescribed by the statutes. In every instance in which it becomes necessary to judicially determine the question of the levy of taxes by the city council, the proof must be made by the ordinance by which the levy was made, and the production of tax rolls could not establish the fact of the levy. * * *" (91 Texas 305, 43 S.W. 17.).

■ It is to be noted again that Article 518 appears substantially the same as Article 1059 and was in effect at the time of the sale. Nowhere in the record does it appear that the Vernon Compress Company sustained its burden by the showing of the ordinance by which the levy was made by the City of Vernon. Nor does Article 7337, Vernon's Annotated Civil Statutes, which gave an incorporated city or town the right to enforce the collection of delinquent taxes due it under the provisions (one of which is Article 7281) of the chapter dealing with *County* taxes, assist the respondent to shift the burden of proof because Article 7337, supra, had its origin in the Acts of 1897, five years subsequent to when the land was sold. Neither do any of the provisions of Rule 117a, Texas Rules of Civil Procedure, adopted after the repeal of a portion of Article 7337, supra.

For this reason, the case of Adams v. Royse City, 61 S.W. 2d 853, Texas Civ. App., er. ref., would not be applicable to the facts in this case. By applying the law in effect at the time the land was sold, we conclude that the burden was still upon the Vernon Compress Company, who relied upon the tax deed of 1892 to the City of Vernon, to show the ordinance by which the levy was made by the City of Vernon, and that the respondent failed to discharge such burden.

■ The respondent claims title under the ten-year statute of limitations of the State of Texas and must rely upon the character of adverse possession as claimed to have been shown through the claimed adverse possession through one Charley Shahay from September 1941 to September 1946; the possession of J. B. (Barney) Hardin from September 1946 to January 21, 1952; the possession of Doug Edwards and his heirs from January 21, 1952 to August 14, 1953, and the respondent's possession from August 14, 1953 to March 11, 1954, the date this suit was filed. We hold that the evidence in support of respondent's claim of peaceable and adverse possession under the ten-year statutes of limitation to raise an issue of fact on the question of limitation and unquestionably since the issue was submitted and answered by the jury in the negative, the trial court properly overruled respondent's motion for judgment non obstance veredicto so far as this issue was concerned. The evidence shows only mere occupancy of the land by Charley Shahay. There is no evidence showing that the claim of Shahay was adverse. There is evidence that he lived on the land, but none that he claimed the land as his own. The testimony of J. B. Hardin, respondent's witness, shows that the fences were down when he (Hardin) purchased from Shahay by deed which was claimed to have been lost. The only improvements on the property were a tent and a small cardboard house. There was no evidence that these improvements were put there by Shahay. Shahay did not testify. Mere occupancy of land without any intention to appropriate it will not support the statute of limitation. Nona Mills Company v. Wright, 101 Texas 14, 102 S.W. 1118; Sellman v. Hardin, 58 Texas 86; Osborn v. Deep Rock Oil Corporation, 153 Texas 281, 267 S.W. 2d 781. It is unnecessary to discuss the evidence touching upon the use and occupancy and possession by Hardin, the Edwards, and the respondent for the reason that without being able to tack on to the Shahay possession, the proof, if sufficient, falls short of the requirements of the ten-year statute of limitations. Since we have concluded that the judgment of the Court of Civil Appeals must be reversed on the two points upon which its judgment rests,

we now look to the points in respondent's brief in that Court to determine whether its judgment in favor of defendant-respondent can be affirmed.

■ The only remaining question presented in the respondent's brief in the Court of Civil Appeals was its contention that although petitioner offered evidence on his affirmative plea of title to all of the land involved in this suit by virtue of the ten-year statute of limitations of the State of Texas, he failed to request or submit any issues upon that theory of the case, and, therefore, having failed to request such issues constituting a complete ground of recovery, such ground was waived. Under Rule 272, Texas Rules of Civil Procedure, the trial court is required to submit only controverted issues. No jury finding is necessary to establish undisputed facts. See Kirby v. American State Bank of Amarillo, 4 S.W. 2d 205, affirmed (Texas Com. App.), 18 S.W. 2d 599, 63 A.L.R. 1528; Foster v. Woodward, Texas Civ. App., 134 S.W. 2d 417, er. ref.; Greenwood v. Senter, Texas Com. App., 61 S.W. 2d 812; Wiley v. Powell, Tex. Civ. App., 164 S.W. 2d 242, reversed on another ground in 141 Texas 74, 170 S.W. 2d 470. We have carefully examined the facts supporting petitioner's plea of title by adverse possession and conclude that the evidence is uncontroverted that petitioner and his predecessors in title by open and visible acts established his claim of right to the land involved. The evidence shows title by limitation as a matter of law. The petitioner established such title by showing that on August 21, 1953 the petitioner purchased by General Warranty Deed from the heirs of Y. W. Thomason the fee simple title to all the land involved in this suit. The evidence further shows that on September 22, 1905, W. B. Townsend conveyed to Y. W. Thomason by special warranty deed the same tracts of land; that Y. W. Thomason filed the deed for record September 22, 1905, took possesison in 1905, resided on said land as a home and remained in exclusive possession until his death in 1918. After his death, his widow continued in possession in person or by tenants until the house burned in 1931. The property was rendered for taxes and taxes were paid by Mr. Thomason for the years 1911 to 1918, inclusive, and by Mrs. Thomason for the years 1919 to 1929, inclusive; that for the years 1919 to 1924, both inclusive, the taxes were paid by Mrs. Thomason each and every year before delinquency.

The trial court in its judgment found that "Under the facts, title and possession of said land and premises in question, as a matter of law, were vested in petitioner." Respondent makes no

attack upon this finding, and in its brief in the Court of Civil Appeals made no effort to point out wherein the evidence of limitation on the part of plaintiff-petitioner was not conclusive.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

Opinion delivered November 28, 1956.

Rehearing overruled January 2, 1957.