

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 1, 1961

Hon. Bill Hollowell, Chairman      Opinion No. WW-1043
State Affairs Committee
House of Representatives            Re: Constitutionality of House
Austin, Texas                          Bill No. 47 Known as the
                                       Sales Limitation Act.

Dear Mr. Hollowell:

With respect to your request for an opinion on the constitution-
ality of the proposed "Sales Limitation Act" incorporated in House Bill
No. 47, we submit the following.

In essence this bill prohibits the sale of merchandise below the
cost thereof when such sale is made with the purpose or intent to injure
competitors or destroy competition. It contains paragraphs providing
a definition of "cost basis" of merchandise sold and provides that proof
of one or more acts of selling any article or produce at less than the
cost thereof to such vendor together with proof that the person so selling
failed or refused to sell all or any part of his entire stock of said article
or produce at the advertised price thereof to any willing purchaser in
any quantity requested and for which payment in cash is tendered, is pre-
sumptive evidence of the purpose or intent to injure competitors or des-
troy competition.

The stated purpose of the bill is "to safeguard the public against
the creation or perpetuation of monopolies and to foster and encourage
competition by prohibiting unfair, dishonest, deceptive, destructive and
fraudulent practices by which fair and honest competition is destroyed and
prevented." Such a purpose is a legitimate object for the exercise of the
police power of the state. See cases collected in annotations at 118 ALR
506 and 128 ALR 1126.

The history of legislative enactments in Texas, similar to the
one under consideration, has been wrought with adverse decisions. One
of the first such bills limited its effect to grocery stores, and such a

limitation provided an unreasonable and arbitrary classification and the same was found unconstitutional. San Antonio Retail Grocers v. Lafferty, 156 Tex. 474, 297 S. W. 2d 813 (1957). Following the court's decision another such bill was introduced in the Legislature and the classification complained of in the Lafferty case was eliminated, but when the same was presented to this office for review, it was also found unconstitutional. Attorney General Opinion WW-123, May 16, 1957. One of the main reasons set forth in WW-123 holding the second bill unconstitutional was that "the operative provisions of the bill were not limited to situations where limited sales are made with an intent to injure competition or where that effect is achieved."

The question of intent or effect has been a part of every statute upheld by the courts of other jurisdictions, and in many cases the courts have considered such an element to be an essential ingredient to validity. See e. g. Blum v. Engleman, 190 Md. 109, 57 A. 2d 421 (148); Associated Merchants v. Ormesher, 107 Mont. 530, 86 P. 2d 1031 (1939); Wholesale Tobacco Dealers Bureau v. National Candy & Tobacco Co., ____ Cal. 2d ____, 82 P. 2d 3 (1938). Only two cases have been found where the statute before the court did not require a wrongful intent or an injurious effect, and in each the statute was held to be violative of due process requirements for that reason. Commonwealth v. Zasloff, 338 Pa. 457, 13 A. 2d 67 (1940); State ex rel. Lief v. Packard-Baumgardner & Co., 123 N. J. L. 180, 8 A. 2d 291 (1939).

In the bill before us the question of intent is well taken care of in Section 4 thereof, "it is unlawful for any person engaged in the distribution or sale of merchandise of general use or consumption to sell such merchandise at less than the cost thereof to such vendors with the purpose or intent to injure competitors or destroy competition," and in our opinion meets all the tests laid down in the cases cited above. (Emphasis added.)

Section 5 of the proposed bill provides that:

> "Proof of one or more acts of selling any
> article or produce at less than the cost thereof
> to such vendor together with proof that the per-
> son so selling failed or refused to sell all or any
> part of his entire stock of said article or produce
> at the advertised price thereof to any willing
> purchaser in any quantity requested and for which
> payment in cash is tendered, is presumptive

> evidence of the purpose or intent to injure competitors or destroy competition."

It is contended that the above quoted Section of the bill creates an unconstitutional evidentiary presumption and violates due process of law provided in Article 1, Section 19 of the Texas Constitution and the 14th Amendment of the United States Constitution.

> "It is competent for a legislative body to pro-
> vide by statute or ordinance that proof of cer-
> tain facts shall be prima facie presumptive
> evidence of other facts, if there is a natural
> and rational evidentiary relation between the
> facts proved and those presumed; such statutes
> or ordinances are within the well settled power
> of the legislature to change the rules of evid-
> ence and do not infringe upon the rights of the
> judiciary nor violate the provisions of the Fed-
> eral or State Constitution." People v. Fitzgerald
> (1936), 14 Cal. App. 2d 180, 58P2d 718 (writ of
> certiorari denied 1936) 299 U.S. 593, 81 L. Ed.
> 437.

We are unable to find any law enacted in the several states having laws covering unfair trade practices that contains a provision identical to Section 5 of the bill under consideration.

The California statutes dealing with unfair sales practices contain a somewhat similar provision to Section 5 of the proposed Sales Limitation Act.

> Section 5 [ California Act] provides that in all
> actions brought under the provisions of the
> statute the proof of one or more acts of selling
> below cost, together with proof of the injurious
> effect of such acts, "shall be presumptive evi-
> dence of the purpose or intent to injure com-
> petitors or destroy competition."

The Supreme Court of California in People v. Pay Less Drug Store, 153 P. 2d 9, upheld their Act, and particularly Section 5 thereof, and on page 13, stated,

> "A statutory requirement that the defendant go
> forward with the evidence to rebut a prima
> facie showing of guilty intent from proof of spec-
> ified facts is permissible when the result has
> some rational relation to those facts and the
> defendant is given a fair opportunity to meet it
> by evidence. Morrison v. California, 291 U.S.
> 82, 88, 54 S.Ct. 281, 284, 78 L.Ed. 664. That
> case designates as the test of permissibility that
> 'the state shall have proved enough to make it
> just for the defendant to be required to repel what
> has been proved with excuse or explanation, or
> at least that upon a balancing of convenience or
> of the opportunities for knowledge the shifting of
> the burden will be found to be an aid to the ac-
> cuser without subjecting the accused to hardship
> or oppression. '"

Against a similar attack on Section 5 of the California Act as quoted above, the court in Mering v. Yolo Grocery and Meat Market, 127 P.2d 985, after discussing the power of the Legislature to create presumptions stated,

> "In the present case there is a manifest connec-
> tion between the fact proved and the fact presumed,
> and under the construction placed upon the statute
> by the state court, there appears to be no depriva-
> tion of a full opportunity to present all the facts re-
> lating to operations within the field."

Proof that a vendor, selling merchandise below cost, and then failing to sell all or any part thereof when cash is tendered therefor, creates in our opinion a set of facts sufficient to shift the burden to such vendor and meets the rational connection tests as set forth above.

We conclude that House Bill No. 47 is constitutional.

## SUMMARY

House Bill No. 47 of the 57th Legislature, as submitted with your request, known as the Sales Limitation Act is constitutional.

Yours very truly,

WILL WILSON
Attorney General of Texas

By _Gordon C. Cass_

Gordon C. Cass
Assistant

GCC:lmc

APPROVED:

OPINION COMMITTEE:

W. V. Geppert, Chairman
J. C. Davis
Bob Rowland
Henry Braswell

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore