L. B. BOURQUE et al., Appellants,

v.

James TOWERS et ux., Appellees.

No. 6802.

Court of Civil Appeals of Texas.

Beaumont.

Jan. 27, 1966.

Rehearing Denied Feb. 16, 1966.

King, Sharfstein & Rienstra, Beaumont, Carl Vaughan, Port Arthur, for appellants.

Sadler & Sadler, Port Arthur, for appellees.

STEPHENSON, Justice.

This is an action and a cross-action for damages arising out of an automobile collision at the intersection of Thomas and Woodworth in the City of Port Arthur. Trial was by jury and judgment was rendered for plaintiffs and against cross-plaintiffs based upon the jury's answers to the special issues. The parties will be referred to here as they were in the trial court.

Plaintiff, James Towers, was driving one of the vehicles in an easterly direction on Thomas Boulevard, with his wife by his side as a passenger. Defendants were L. B. Bourque, the owner of the second vehicle involved in this collision, and his daughter, Beverly Ann Bourque, the driver of such second vehicle. Defendant Beverly Ann Bourque was driving in a southerly direction on Woodworth. The jury found: That Beverly Ann Bourque entered the intersection when the light was red, which was negligence and a proximate cause of the collision. That Beverly Ann Bourque failed to keep a proper lookout, failed to have her automobile under proper control and was driving at a greater speed than a person of ordinary prudence would drive in the exercise of ordinary care under the same or similar circumstances and that each of these acts was a proximate cause of the collision. The jury also found that plaintiff James Towers did not fail to keep

a proper lookout, and did not enter the intersection when such movement could not be made in safety.

Defendants' only points of error are in reference to the failure of the trial court to submit a series of issues which asked whether the vehicle driven by plaintiff James Towers was in a stopped position, whether James Towers failed to remain in a stopped position until the vehicle driven by defendant Beverly Ann Bourque had cleared the intersection, whether such failure was negligence and a proximate cause of the collision. Of the four issues in this series, each of the second, third and fourth was conditioned upon an affirmative answer to the preceding issue.

■ ■ Rule 279, Texas Rules of Civil Procedure, required the trial court to submit the controlling issues raised by the pleadings and the evidence, but did not require such court to submit other issues of various phases or different shades. This jury found defendant Beverly Ann Bourque entered this intersection when the light was red. All of the evidence shows plaintiff James Towers stopped his car while the light was red and proceeded into the intersection when the light changed to green from his standpoint. The jury found that plaintiff James Towers did not fail to keep a proper lookout and did not enter the intersection when such movement could not be made with safety. This was a fair sub-mission of the controlling issues raised by the pleading and evidence and it was not error for the trial court to refuse to submit the series of issues made the basis of these points of error. McCall v. Williams, Tex.Civ.App., 311 S.W.2d 743.

■ ■ The uncontroverted evidence shows that plaintiff James Towers was in a stopped position, and that he did not remain in a stopped position until defendant, Beverly Ann Bourque, had cleared the intersection, and it could not have been error to refuse to submit these issues. Under Rule 272, T.R.C.P., the trial court was required to submit only controverted issues. Wright v. Vernon Compress Co., 156 Tex. 474, 296 S.W.2d 517. The last two issues were conditioned upon the jury answering the first two issues, and under these circumstances it could not be error to refuse to submit these conditional issues. Gulf, C. & S. F. Ry. Co. v. Jones, Tex.Civ.App., 221 S.W.2d 1010.

■ The plaintiff, James Towers, having the right-of-way by reason of this being an intersection controlled by signal lights, and having kept a proper lookout, and having entered the intersection when the movement could be made in safety, was under no duty to stay in a stopped position until the other automobile cleared the intersection. The points are overruled.

Judgment affirmed.