ACCEPTED
03-14-00208-CV
5780768
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/23/2015 10:01:16 AM
JEFFREY D. KYLE
CLERK

No. 03-14-00208-CV

IN THE COURT OF APPEALS FOR THE THIRD DISTRICT
OF TEXAS AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/23/2015 10:01:16 AM
JEFFREY D. KYLE
Clerk

## CANYON LAKE ISLAND PROPERTY OWNERS ASSOCIATION, CYNTHIA M. GRIFFIN, RICHARD A. CONLEY AND BILL LESTER,

### Appellants-Plaintiffs

### v.

## STERLING/SUGGS LIMITED PARTNERSHIP, NEAL E. SUGGS AND NADINE R. SUGGS,

### Appellees-Defendants.

Interlocutory Appeal from Cause No. C2012-1457B, the 207th Judicial District Court, Comal County, Texas

## APPELLEES' MOTION FOR REHEARING

**MARTIN & DROUGHT, P.C.**
GERALD T. DROUGHT
State Bar No. 06134800
gdrought@mdtlaw.com
MATHIS B. BISHOP
State Bar No. 24045500
mbishop@mdtlaw.com
Bank of America Plaza, 25th Floor
300 Convent Street
San Antonio, TX 78205
Telephone: (210) 227-7591
Facsimile: (210) 227-7924
**ATTORNEYS FOR APPELLEES**

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................. i

TABLE OF AUTHORITIES ...................................................................... ii

I.  INTRODUCTION ........................................................................1

II.  THE TRIAL COURT ACTED WITHIN ITS DISCRETION
     IN CERTIFYING THE CLASS .................................................................2

III.  THE NUMEROSITY REQUIREMENT IS SATISFIED ................................5

IV.  THE NAMED CLASS REPRESENTATIVES ARE ADEQUATE ................6

V.  CONCLUSION ........................................................................8

CERTIFICATE OF SERVICE ........................................................... 10

APPENDIX ........................................................................ 11

# TABLE OF AUTHORITIES

## *CASES*                                                                                    *PAGE*

*Bowden v. Phillips Petroleum Co.,*
247 S.W.3d 690 (Tex. 2008)............................................................................................3

*Riemer v. State,*
392 S.W.3d 635 (Tex. 2012)............................................................................................7

*Southwestern Ref. Co. v. Bernal,*
22 S.W.3d 425 (Tex. 2000)..............................................................................................4

*Sullivan v. Barnett,*
471 S.W.2d 39 (Tex. 1971)..............................................................................................3

*Thillens, Inc. v. Community Currency Exch. Ass'n of Illinois, Inc.,*
97 F.R.D. 668 (N.D. Ill. 1983).........................................................................................7

*Wright v. Vernon Compress Co.,*
296 S.W.2d 517 (Tex. 1956)............................................................................................3

## *RULES AND STATUTES*

*Federal Practice & Procedure* § 1762 ...........................................................................6

*Federal Practice & Procedure* § 1762, 7.2.A.2. Commonality ....................................6

*Federal Practice & Procedure* § 1762, 7.2.A.3. Typicality...........................................6

*Federal Practice & Procedure* 1768 ...............................................................................8

**APPELLEES' MOTION FOR REHEARING**

Sterling/Suggs Limited Partnership, Neal E. Suggs and Nadine R. Suggs, Appellees, file the following Motion for Rehearing, and in support of such motion, would show as follows:

# I.
## INTRODUCTION

The background facts are well known to the Court and need not be recited again at length. In a nutshell, this is an easement dispute brought by Canyon Lake Island Property Owners Association (hereinafter the "Association"), a voluntary association of owners of lots in the Canyon Lake Island Subdivision. The Association filed suit alleging trespass and interference with its members' property rights related to a claimed prescriptive easement, which the Appellees deny.

The Appellees filed a motion to certify the case as a class action, and a joinder seeking to add Cynthia M. Griffin, Richard A. Conley and Bill Lester (hereinafter referred to as "Representative Association Members") as parties and to designate them as class representatives. The trial court granted the motion to certify. This interlocutory appeal was then commenced by the Appellants.

On June 5, 2015 this Court reversed and remanded the trial court's class certification. Appellees believe there are issues that require further review by the Court in the interest of justice. This Motion requests that the Court reconsider its ruling and permit a rehearing on these issues.

## II.
## THE TRIAL COURT ACTED WITHIN ITS
## DISCRETION IN CERTIFYING THE CLASS

It is hard to imagine a scenario more appropriate for a class action. It is undisputed that there are approximately 163 lots in the Canyon Lake Island subdivision, approximately 300 current individual property owners, and that joining each of the owners as parties to this suit would cost approximately $50,000 in filing fees. The Court could take judicial notice that the Comal County Appraisal District lists the property on which the prescriptive easement is claimed with a value of $134,300, making the $50,000 in filing fees very relevant. It is further undisputed that membership in the Association is voluntary, and that each non-member owner (current or future) could assert claims similar to the Association's claims in the case at bar, and these claims would not be barred by res judicata or collateral estoppel. It is undisputed that subsequent similar suits could result in inconsistent rulings and judgments. Nevertheless, this Court concluded the trial court failed to conduct a "rigorous analysis" in certifying the class. The rigorous analysis should take into consideration the alternatives to a class action. No suitable alternative to a class action is mentioned by this Appellate Court. There is none.[1]

---

[1] While not a ground for appeal, but rather for the Court's information, the Appellees continue to assert the Association has no standing to bring this suit because it is a voluntary association with far less than 100% of the property owners being members, and it is seeking to assert rights on

2

This Court recognizes that these basic facts are uncontroverted, and does not cast doubt on the veracity of the Appellees' undisputed assertions. Nevertheless, the Court would require more evidence, the nature of which is left a mystery, and a more rigorous analysis of undisputed issues. This is an invasion of the trial court's discretion and an unprecedented requirement of a more rigorous analysis of undisputed issues.

In a jury trial context, it has long been the law that undisputed issues are not submitted to the fact finder. The reasoning behind this principle is obvious. When a matter is undisputed, there is no need to present evidence to prove what is not in controversy. *See Sullivan v. Barnett*, 471 S.W.2d 39, 44 (Tex. 1971); *Wright v. Vernon Compress Co.*, 296 S.W.2d 517, 523 (Tex. 1956) ("The trial court is required to submit only controverted issues. No jury finding is necessary to establish undisputed facts.").

It is well-settled and undisputed by the parties that a trial court's certification of a class action is reviewed under an abuse of discretion standard. A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to any guiding principles. *See Bowden v. Phillips Petroleum Co.*, 247 S.W.3d 690, 696 (Tex. 2008). Here the Court criticizes the trial court's class certification with little

---

property that is not even in the subdivision. The trial court denied the Defendants' motion to dismiss for lack of standing presumably because the trial court believed the Plaintiffs could bring their case as a class action. If there is no class certification, the Defendants will reurge their motion to dismiss for lack of standing.

3

indication why class certification is inappropriate in this case. The <u>only</u> substantive criticism of the certification is that the named class representatives claim to be unwilling to serve, which is addressed below. Otherwise, this Court's opinion provides no guidance to trial courts. It is a vague mandate to scrutinize uncontroverted issues, and would require voluminous evidence to establish matters not in dispute.

In a class certification proceeding, the trial court must perform a rigorous analysis to determine whether all the prerequisites to class certification have been met and how the claims will be tried. *See Southwestern Ref. Co. v. Bernal*, 22 S.W.3d 425, 435 (Tex. 2000). The trial court in this case analyzed and made findings as to each of the prerequisites to class certification, as set forth in the trial court's thorough and well-reasoned order. Despite the acknowledged abuse of discretion standard, this Court allows the trial court no discretion in concluding this case is appropriate for class certification.

The trial court recognized the appropriateness of a class action. The alternatives to class certification are unjust and unwieldy: Either the Appellees spend approximately $50,000 in fees to join 300 individual property owners (not to mention the additional attorney's fees and expenses, which would far outstrip the value of the Appellee's property), or the parties proceed with the litigation despite

the known risk of subsequent suits and inconsistent judgments. These are the undisputed alternatives to class certification, which this Court does not deny.

This Court improperly substitutes its own judgment for that of the trial court's. Moreover, this Court's opinion would for the first time ever require trial courts to somehow more "rigorously" analyze undisputed facts and issues – an unprecedented and wholly improper holding. The trial court performed the required rigorous analysis required, and acted within its discretion in certifying the class.

## III.
## THE NUMEROSITY REQUIREMENT IS SATISFIED

This Court would apparently require some additional unspecified evidence to prove that joining 300 additional property owners and trying the case with hundreds of parties would be "impracticable." It is, of course, possible in theory to join thousands or even millions of parties to any lawsuit. But our courts have long recognized that it becomes impracticable at a certain point. This is the class action's *raison d'être*.

Here the facts are undisputed that in the absence of class certification the Appellees would have to spend tens of thousands of dollars and join hundreds of parties. The trial court quite reasonably concluded that joining every property owner is impracticable. What additional evidence beyond the undisputed facts, or what additional analysis this Court would require from the trial court is uncertain.

5

The trial court acted well within its discretion in finding the proposed class meets the requirements of numerosity and impracticability.

## IV.
## THE NAMED CLASS REPRESENTATIVES ARE ADEQUATE

This Court voices concern because the class representatives own lakefront lots, and some class members' lots are not on the lakefront. There is no requirement that all class members' claims be identical. *Federal Practice & Procedure* § 1762 notes: "Plaintiffs' grievances generally must share a common question of law or fact. In fact, only one question of law or fact must be common to the proposed class. Some factual differences among class members do not defeat commonality." *Federal Practice & Procedure* § 1762, 7.2.A.2. Commonality (internal citations omitted). "The typicality requirement centers on 'whether the class representative's claims have the same essential characteristics as those of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality.' Put another way, typicality can be determined by whether there is a sufficient nexus between the claims of the named representatives and those of the class. As with commonality, factual differences do not defeat typicality if the course of conduct and the claims are based on the same legal theory." *Federal Practice & Procedure* § 1762, 7.2.A.3. Typicality (internal citations omitted).

6

The class representatives' lakefront lots do not make them inadequate representatives, nor would they be inadequate if their lots did not have lakefront locations. The central issue in this case - what easement rights the owners have across the Appellees' property - affects all property owners in the subdivision identically. The possibility that a prescriptive easement might affect the value of the various lots differently does not make the representation inadequate. This conflict, even assuming it exists, is neither "fundamental," nor does it "go to the heart of the litigation." *See Riemer v. State*, 392 S.W.3d, 635 639 (Tex. 2012).

This Court recognizes the three named class representatives are "subdivision property owners, Association members, involved in and knowledgeable about the litigation generally, and would be available for trial." In a calculated effort to avoid certification, the class representatives claim to be unwilling to participate. As pointed out in the Appellee's brief, a named defendant class representative's unwillingness to serve as a representative "should not deter a court from naming it as it representative." *Thillens, Inc. v. Community Currency Exch. Ass'n of Illinois, Inc.*, 97 F.R.D. 668, 678 (N.D. Ill. 1983).

This Court recognizes the rule discussed in *Thillens* and other cases cited by the Appellees, but finds a distinction between a plaintiff's class representative and a defendant's class representative. This distinction is misplaced. Here the Appellees bring their own declaratory judgment action to determine the absence of

7

any prescriptive easement, among other issues. (**Exhibit A**, Defendants' First Amended Counterclaim). Thus, the class is in effect a defendant class, even though the class representatives might be called plaintiffs.

This Court's "logical concern" about the willingness of the named representatives to represent the class overlooks the more glaring logical concern: How can the Appellees proceed with class certification if each named representative need only profess her unwillingness to serve in order to defeat certification? This is precisely the concern of the many courts that have recognized that unwilling representatives of a defendant class can still be adequate. *See Federal Practice & Procedure* 1768.

Finally, the Court's concern that the class representatives might opt out is merely hypothetical. They have not opted out or even stated they intend to. Regardless, should they opt out in the future, additional representatives may be named. There mere possibility that the representatives could opt out is hardly grounds for reversal of class certification.

## V.
## CONCLUSION

For the foregoing reasons, the Appellees request that the Court grant this Motion for Rehearing, withdraw the June 5, 2015 Memorandum Opinion, uphold the class certification, and grant any other relief to which they may be entitled.

8

Respectfully submitted,

**MARTIN & DROUGHT, P.C.**
Bank of America Plaza, 25th Floor
300 Convent Street
San Antonio, Texas 78205
Telephone: (210) 227-7591
Telecopier: (210) 227-7924

By: _____
**GERALD T. DROUGHT**
State Bar No. 06134800
gdrought@mdtlaw.com
**MATHIS B. BISHOP**
State Bar No. 24045500
mbishop@mdtlaw.com
**ATTORNEYS FOR APPELLEES**


## CERTIFICATE OF COMPLIANCE

As required by TEX. R. APP. P. 9.4(i)(3), I certify that the Appellees' Motion for Rehearing contains 1,834 words, excluding the parts of the Motion that are exempted by TEX. R. APP. P. 9.4(i)(1).

_____
MATHIS B. BISHOP

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument will be sent to the following parties of record by:

| | |
|---|---|
| _____ | Regular Mail |
| _____ | Certified Mail, Return Receipt Requested |
| _____ | Hand Delivery |
| ✓ | Facsimile |

Mr. Tom Newton, Jr.
Allen Stein & Durbin
6243 IH-10 West, Ste. 700
San Antonio, TX 78201
*Facsimile: 738-7488*

on the 23rd day of June, 2015.

GERALD T. DROUGHT
MATHIS B. BISHOP

10

# APPENDIX

**Tab No.**

A   Defendants' First Amended Counterclaim

CAUSE NO. C2012-1457B

| CANYON LAKE ISLAND PROPERTY | § | IN THE DISTRICT COURT |
| OWNERS ASSOCIATION | § | |
| | § | |
| VS. | § | 207TH JUDICIAL DISTRICT |
| | § | |
| STERLING/SUGGS LIMITED PARTNERSHIP, | § | |
| NEAL E. SUGGS AND NADINE R. SUGGS | § | COMAL COUNTY, TEXAS |

## DEFENDANTS' FIRST AMENDED COUNTERCLAIM, JOINDER OF CYNTHIA GRIFFIN, RICH CONLEY AND BILL LESTER AND MOTION TO CERTIFY CLASS, SUBJECT TO SPECIAL APPEARANCE

Defendants Sterling/Suggs Limited Partnership, Neal E. Suggs and Nadine R. Suggs, file this First Amended Counterclaim, Joinder of Cynthia Griffin, Rich Conley and Bill Lester, and Motion to Certify Class Pursuant to TEX. R. CIV. P. 42(c), subject to their Plea to the Jurisdiction, and respectfully show the Court as follows:

### I.
### FIRST AMENDED COUNTERCLAIM

Pursuant to Texas Civil Practice & Remedies Code Chapter 37, Defendants seek a declaration that Plaintiff Canyon Lake Island Property Owners Association, Cynthia Griffin, Rich Conley and Bill Lester and others similarly situated have never had, and do not have, an easement by prescription or adverse possession to any portion of Defendants' property, and that Defendants have not interfered with or caused damage to any express easement.

### II.
### JOINDER OF CYNTHIA GRIFFIN, RICH CONLEY AND BILL LESTER

Defendants join Cynthia Griffin, Rich Conley and Bill Lester as class representatives along with Plaintiff Canyon Lake Island Property Owners Association. Cynthia Griffin is President of the Canyon Lake Island Property Owners Association, and she lives in the subdivision. Rich Conley and Bill Lester own homes in the subdivision.

---

APPENDIX A

Cynthia Griffin is an individual who resides in Texas and can be served with process at her residence at 956 Military Drive, Canyon Lake, Texas, 78133.

Rich Conley is an individual who resides in Texas and can be served with process at his residence at 1045 Marine Circle, Canyon Lake, Texas, 78133.

Bill Lester is an individual who resides in Texas and can be served with process at his residence at 620 Lake Island Drive, Canyon Lake, Texas, 78133.

## III.
## MOTION FOR CERTIFICATION OF CLASS ACTION

*Factual and Procedural Background*

Defendant Sterling/Suggs LP owns the property at 1054 Military Drive, Canyon Lake, Texas 78133. Defendants Neal and Nadine Suggs live at the property at 1054 Military Drive, which is located in the Canyon Lake Island Subdivision.

Plaintiff Canyon Lake Island Property Owners Association is a voluntary association of property owners within the Canyon Lake Island Subdivision. On October 10, 2012, Plaintiff Canyon Lake Island Property Owners Association brought suit against the Defendants claiming that "owners and residents of property" in the subdivision have acquired an easement by prescription over the Defendants' property by allegedly using the property for ingress and egress to Canyon Lake and as a community park.

Plaintiff Canyon Lake Island Property Owners Association sued the Defendants for trespass and obtained a Temporary Injunction ordering the Defendants to allow access to Canyon Lake during the pendency of this suit. Plaintiff Canyon Lake Island Property Owners Association also seeks a declaratory judgment that owners and residents have an easement by prescription or adverse possession across the Defendants' property.

The Canyon Lake Island Property Owners Association contends it is a proper party with standing to act on behalf of owners and residents in the subdivision. The Canyon Lake Island Property Owners Association cites no authority for its position, and importantly does not allege that a judgment as to the Canyon Lake Island Property Owners Association would be binding on all area residents (including non-Canyon Lake Island Property Owners Association members), have the affect of *res judicata*.

## *Class Certification is Proper and Necessary*

The Defendants seek a declaratory judgment that Plaintiff Canyon Lake Island Property Owners Association, Cynthia Griffin, Rich Conley and Bill Lester and others similarly situated have never had and do not have an easement by prescription or adverse possession to any portion of Defendants' property, and that Defendants have not interfered with or caused damage to any express easement. However, if Cynthia Griffin, Rich Conley and Bill Lester are not joined and class action status is not conferred, such a declaratory judgment would be granted only as to the Canyon Lake Island Property Owners Association itself. Arguably any other resident, whether a member or not of the Canyon Lake Island Property Owners Association, could contend that he or she has established an easement across to the Defendants' property by prescription or adverse possession. Defendants seek class action certification to avoid multiple claims and multiple lawsuits on the same issues. All prerequisites of a class action are satisfied:

(1)     the class is so numerous that joinder of all members is impracticable,

(2)     there are questions of law or fact common to the class,

(3)     the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4)     the representative parties will fairly and adequately protect the interests of the class.

TEX. R. CIV. P. 42(a).

Further, a class action is maintainable under each of the considerations of TEX. R. CIV. P. 42(b). In short, the existence or non-existence of an easement by prescription should be determined as to all parties who might claim such an easement. The Canyon Lake Island Property Owners Association cannot bind the interest of all potential claimants. Separate suits may result in inconsistent adjudications between claimants.

For these reasons, the Defendants move the Court to certify this action as a class action pursuant to TEX. R. CIV. P. 42(c) to bind all past, present and future owners of property in the subdivision.

## IV.
## ATTORNEY FEES

Defendants are entitled to recover reasonable and necessary attorney fees under Texas Civil Practice & Remedies Code § 37.009 because this is a suit for declaratory relief. Defendants may likewise be entitled to recover costs and reasonable and necessary attorney's fees under Texas Civil Practice & Remedies Code § 16.034. Defendants seek attorney's fees against the Canyon Lake Island Property Owners Association, Cynthia Griffin, Rich Conley and Bill Lester under TEX. R. CIV. P. 42(h) and (i).

## PRAYER

For these reasons, Defendants ask the Court to grant its Motion to Certify this suit as a class action, and award all other relief to which Defendants are entitled, either at law or in equity.

Respectfully submitted,

**MARTIN & DROUGHT, P.C.**
Bank of America Plaza, 25th Floor
300 Convent Street
San Antonio, Texas 78205
Telephone: (210) 227-7591
Telecopier: (210) 227-7924

By: _____
GERALD T. DROUGHT
State Bar No. 06134800
LAURIE N. BURNS
State Bar No. 24059515
MATHIS B. BISHOP
State Bar No. 24045500

ATTORNEYS FOR DEFENDANTS/
COUNTER-PLAINTIFFS

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument will be sent to the following counsel of record by:

_____    Regular Mail
_____    Certified Mail, Return Receipt Requested
_____    Hand Delivery
___X___    Facsimile

Mr. Tom Newton, Jr.
Allen Stein & Durbin
6243 IH-10 West, Ste. 700
San Antonio, TX 78201
*Facsimile: 738-7488*

on this the ____8____ day of March 2013.

_____
GERALD T. DROUGHT
LAURIE N. BURNS
MATHIS B. BISHOP