J. J. CLICK et ux., Appellants,

v.

William COLLINS, Appellee.

No. 12714.

Court of Civil Appeals of Texas.

Galveston.

Nov. 18, 1954.

Rehearing Denied Dec. 9, 1954.

---

Godard & Dazey and William B. Dazey, Texas City, for appellants.

Crawford & Kugle and William H. Kugle, Jr., Galveston, for appellee.

HAMBLEN, Chief Justice.

This is a trespass to try title suit which was instituted by the appellants to recover the title and possession of a triangular tract of land containing approximately three acres, located in Galveston County, Texas. Appellants, as plaintiffs in the trial court, relied upon, and it is conceded, established record title to the disputed tract. Appellee defended upon the ten year statute of limitations, Rev.St. 1925, art. 5510. Upon receipt of a jury verdict favorable to the appellee upon that issue, judgment was rendered in his favor. Appellants' one point of error is based upon the insufficiency of the evidence, as a matter of law, to raise the issue as submitted to the jury, and the consequent error of the trial court in failing to render judgment in their favor.

The undisputed facts are that the triangular tract of land involved was bounded on the west by a 10½ acre tract purchased by appellee Collins in 1922 and claimed by him under a deed since that time. The triangular tract was bounded on the north by a ten acre tract owned by one Horn. Horn was a non-resident of the area. He had purchased his ten acre tract at the same time that Collins had purchased the 10½ acre tract, and had an agreement with Collins whereby Collins was to have the right to possess and use his land. The third side of the triangular tract in dispute, which may be referred to as its southeast side, fronted upon a County road called the Neville Road, which road was also contiguous to the south line of the Collins 10½ acre tract. Collins entered upon his 10½ acre tract shortly after his purchase in 1922, and erected a fence along his west line, which, by virtue of connecting with fences already existing on the ground, had the effect of enclosing the Collins 10½ acre tract, the Horn 10 acre tract, and the disputed three acre tract under one continuous fence. No fence, material to the decision of this case, existed which separated the three acre triangle from the Collins and Horn tracts. Collins erected substantial improvements upon his 10½ acre tract, and has continuously occupied the same with his family. Since 1925, until the institution of this suit on October 19, 1951, Collins has owned from three to seventeen head of cattle which have been permitted to graze indiscriminately upon his 10½ acre tract, the Horn 10 acre tract and the triangular three acre tract. Except for the fence along the west line of the Collins 10½ acre

tract, which Collins erected, the record does not reflect who had built the remaining fences around the perimeter of the three tracts. The record does reflect that Collins repaired the existing fences before placing his cattle thereon, and has continuously maintained them in condition to turn cattle since that time.

It is the appellants' contention that the character of the possession had by appellee does not establish the elements essential to perfect title by adverse possession under the ten year statute of limitations, Article 5510, Revised Civil Statutes of 1925, as the same are prescribed by that article, and defined in Articles 5514 and 5515. We have carefully examined the authorities cited by appellants in support of this contention, and conclude that the rules of law therein set forth are not controlling under the facts here presented. On the contrary, we are of the opinion that under the record in this case, the appellants' point of error is without merit, and must accordingly be overruled.

Appellants rely principally upon the decision of the Supreme Court of Texas in the case of Orsborn v. Deep Rock Oil Corp., 267 S.W.2d 781, 785, wherein the court reviews at length the requirements essential to the establishment of title under the ten year statute of limitations, and discusses many authorities which are likewise cited and relied upon by appellants here.

Without undertaking to state the facts with which the Supreme Court dealt in the cited case, we note the following differences, which in our view distinguish that case from this. The Orsborn case involved a claim to a 56.85 acre tract which was included within a fence enclosing a total of 747.58 acres of land upon the whole of which the claimant grazed approximately thirty head of cattle. The record did not show when, by whom, of for what purpose the fences forming the 747.58 acre enclosure were built. In discussing this state of facts, Judge Smedley, who wrote the court's opinion, makes the following statement: "When the use relied upon to support the statute is grazing, there must be also at the same time sufficient enclosure, such as to give evidence that the land was designedly enclosed and to show the assertion of claim hostile to the true owner. * * * when the disputed tract of land has been casually or incidentally enclosed with other land, especially when, as here, such other land is held by the possessor under deed, the incidental enclosure and the occasional grazing of the disputed tract by cattle straying from the titled land will not amount to such adverse and hostile possession and use as will support the statute of limitations. Harmon v. Overton Refining Co., 130 Tex. 365, 109 S.W. 2d 457, 110 S.W.2d 555; West Production Co. v. Kahanek, 132 Tex. 153, 121 S.W.2d 328; McKee v. Stewart, 139 Tex. 260, 162 S.W.2d 948; Primitive Baptist Church v. Fla-Tex Corp., Tex.Civ.App., 158 S.W.2d 549."

In the present case, it is undisputed that the claimant maintained a herd of from 3 to 17 animals upon a total of 24 acres, and that the grazing was continuous rather than occasional. Further, while the record does not reflect by whom a portion of the enclosing fence had been built, it is undisputed that its only purpose was to enclose the land, and that it was not a casual or incidental fence such as the court described in the Orsborn case. But aside from these distinctions this record reflects the existence of a factual difference which we consider to be of compelling significance. Here, the claimant testified that he posted the land in question with signs in about the year 1925 and kept it posted continuously until the present time. The signs were worded "No hunting, no trespassing, etc." The existence of the signs was amply supported by other witnesses. The signs were placed directly on the southeast line of the land in question along the fence abutting on Neville Road.

When the opinion in the Orsborn case is carefully examined, it is apparent that the court based its conclusion upon the proposition that the use there proven did not afford evidence of a hostile claim, and was therefore not a visible appropriation of the land, hostile to the claim of another. We

agree with appellee that it is difficult to imagine what could be a more visible appropriation of land than the erection of signs along the only public thoroughfare bordering the land, advising that the land was "Posted."

We conclude that there is ample evidence to support the jury verdict upon which the appealed from judgment rests, and that that judgment must be affirmed.

Appellants have moved this Court to tax the cost of preparation of the Statement of Facts against the appellee under the provisions of Texas Rule of Civil Procedure 377(e). The appeal, being based upon the insufficiency of the evidence, necessitated consideration of the entire record for proper disposition of the case, and for that reason, appellants' motion is overruled.

Affirmed.