

In The

Court of Appeals

Seventh District of Texas at Amarillo

No. 07-19-00395-CV

2027 SOUTH AUSTIN STREET, LLC AND PAUL B. CHRISTY, APPELLANTS

V.

LATOUR CONDOMINIUMS, INC., APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 106532-E-CV, Honorable Douglas R. Woodburn, Presiding

March 17, 2021

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

This appeal concerns ownership and use of portions of a parking lot situated between the condominium building of Appellee, LaTour Condominiums, Inc., and the Canterbury Apartments owned by Appellant, 2027 South Austin Street, LLC.[1] LaTour filed suit against Austin Street and its principal, Paul B. Christy. Finding that LaTour obtained a portion of the parking lot by adverse possession and a prescriptive easement,

---

[1] During litigation, the parties referred to the owner of the Canterbury Apartments by various names. We refer to the entity as "Austin Street" for purposes of simplicity.

the district court granted LaTour's motion for summary judgment. The remainder of the case was tried to a jury, who found that no trespass had been committed by Appellants. On LaTour's motion, the district court rendered final judgment on September 10, 2019, by signing LaTour's proposed judgment. The judgment reflected the adverse possession and prescriptive easement rulings in the court's grant of summary judgment, ordered injunctive relief against Austin Street, and denied all other relief. All parties filed motions for post-judgment relief and have filed cross notices of appeal.

Because we hold that the district court erred in granting LaTour's motion for summary judgment, we reverse the judgment and remand.

## Background

In Amarillo, Texas, between LaTour's condominium parking garage and Canterbury Apartments, is land that has been jointly used by residents of both housing units. When LaTour was organized in 1980, its declaration and master deed indicated its property proceeded diagonally across the parking lot (as indicated by the dashed line in



the illustration).[2]  During litigation, the parties referred to the 144-foot by 10-foot triangle of LaTour's originally-deeded land as "The Wedge."

The evidence suggests that neither the parties nor their residents heeded the diagonal boundary line until just before litigation began.  Relevant to this litigation, evidence shows a row of parking places was painted the length of LaTour's parking garage, and that residents from both housing units parked in spaces in The Wedge and the area identified as "Tract 2."  Moreover, residents from both drove across the boundary when entering and leaving the property, including the area denoted as Tract 1.

At some time, three or four signs were placed on the wall of LaTour's parking garage, stating:

"LaTour Condominiums
RESIDENT & GUEST PARKING ONLY
Unauthorized vehicles will be towed away at owner's expense"

There is no evidence, however, that any "unauthorized" vehicle was ever towed from The Wedge or Tract 2.

In 2013, Austin Street repaved the entire lot, including The Wedge, at its own expense.  In mid-2016, John Templer, then-president of LaTour, met with Christy, Austin Street's owner, to discuss LaTour's desire to construct a carport over the row of parking spaces adjacent to LaTour's garage.  When no agreement regarding the carports was reached, LaTour's counsel sent a letter to Christy in April 2017 stating that the lot "has been owned and used in common for many decades," and that LaTour had acquired title

---

[2] On March 1, 2011, Austin Street purchased the Canterbury Apartments, with the same boundary line as identified in LaTour's deed.

3

to Tract 2 by adverse possession. LaTour tendered one-half the amount of the repaving cost expended by Austin Street in repaving the lot in 2013.

Austin Street and Christy did not accept the tender or agree with LaTour's position that Tract 2's ownership had changed. In response, these Appellants painted a blue line denoting the diagonal boundary line, and later erected metal poles connected by cable along the line, presumably to prevent vehicles from parking in Tract 2.

In June 2017, LaTour filed suit in Potter County district court, alleging it obtained title to Tract 2 by adverse possession under the ten-year statute of limitations[3], and seeking a declaratory judgment that it held a prescriptive easement over Tract 1. LaTour also pleaded an application for temporary and permanent injunctive relief and requested attorney's fees. Austin Street answered and counterclaimed with a suit to quiet title, for slander of title, and for trespass to try title, alleging LaTour's residents had used Tract 1 and Tract 2 with permission and did not therefore obtain the property by adverse possession.[4]

In September 2018, LaTour filed a traditional and no evidence motion for summary judgment. In its traditional motion, LaTour contended that its "use" of Tract 2 and Tract 1 demonstrated it had obtained fee simple title by adverse possession and a prescriptive easement, respectively. As for its no-evidence grounds, LaTour argued that Austin Street and Christy were unable to produce evidence supporting permissive use, interruption of adverse use, and other issues. The district court granted the motion, rendering an

---

[3] TEX. CIV. PRAC. & REM. CODE ANN. § 16.026(a) (West 2002).

[4] Austin Street subsequently amended its counterclaim to seek a declaratory judgment that the boundary line is consistent with recorded legal title and that it continues to own Tracts 1 and 2.

interlocutory order establishing LaTour's ownership of Tract 2 via adverse possession and a prescriptive easement in its favor over Tract 1. LaTour then amended its petition alleging Austin Street and Christy trespassed on LaTour's property by placing the poles on the area covered by Tract 2.

The remainder of the case was tried by jury. At the close of evidence, the district court directed a verdict in favor of Austin Street and Christy on actual and exemplary damages arising from the alleged trespass. The court then submitted its charge, asking the jury questions regarding trespass liability, nominal damages, malice/exemplary damages (despite its directed verdict), and LaTour's attorney's fees. The jury found neither Austin Street nor Christy committed a trespass or acted with malice; the jury also awarded no damages or attorney's fees.

Despite the jury's verdict against it, LaTour moved for the trial court to "enter judgment based upon the jury's Verdict, this Court's December 6, 2018 Summary Judgment Order, the live pleadings of the parties, and the evidence and admissions made during the trial of this cause." The district court granted LaTour's motion and, on September 10, 2019, signed LaTour's proposed judgment, awarding Tract 2 to LaTour and granting LaTour a prescriptive easement over Tract 1. The judgment further granted LaTour a writ of possession for Tract 2, ordered Austin Street to not impair, impede, or obstruct LaTour's use of its easement over Tract 1, and enjoined Austin Street and Christy from placing objects or impediments on Tract 1 or Tract 2. The judgment denied all other relief sought by the parties.

In addition to objecting to rendition of the judgment, Austin Street and Christy filed a motion to modify, correct, and reform judgment and motion for new trial. LaTour also filed a motion for new trial, complaining about the jury's non-finding as to attorney's fees and trespass. Both sides timely filed notices of appeal.

**Standard of Review**

Even though the standard for reviewing a summary judgment order has been articulated by the Supreme Court of Texas for nearly 70 years, the parties disagree regarding the proof necessary to support LaTour's motion. We thus discuss the standard of review here. A summary judgment is not a trial on paper. Its function is not to deprive a litigant of its right to a full trial on the merits but is a procedural device to ask a trial court for an expedited ruling when the critical facts are not in dispute and the litigation can be resolved on a question of law. *See Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929, 931 (1952). TEX. R. CIV. P. 166a(c) thus expressly requires that summary judgment is only appropriate when:

> except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response.

To ensure a court's assessment of the evidence does not supplant how the hypothetical juror would review the same if presented at trial, we take as true all evidence favorable to the nonmoving party, as well as all reasonable inferences and doubts when interpreting the evidence. *Gator Frac Heating & Rentals, L.L.C. v. Brooks,* 581 S.W.3d 460, 463 (Tex. App.—Amarillo 2019, pet. denied) (citing *Kachina Pipeline Co. v. Lillis,* 471 S.W.3d 445, 449 (Tex. 2015)).

6

When, as here, the plaintiff moves for summary judgment on a claim for which it possesses the burden of proof at trial, we view the evidence in the light most favorable to the defendant as the non-moving party, and we resolve all reasonable inferences and doubts in favor of the defendant. Granting a plaintiff's motion for summary judgment is therefore improper unless the plaintiff conclusively proves each element of the cause of action – except for the amount of unliquidated damages – and shows why the facts demonstrate its entitlement to judgment as a matter of law. TEX. R. CIV. P. 166a(a), (c). *Disraeli v. State*, No. 11-10-00010-CV, 2011 Tex. App. LEXIS 9923, at *2 (Tex. App.—Eastland Dec. 15, 2011, no pet.); *Fry v. Comm'n for Lawyer Discipline*, 979 S.W.2d 331, 333-34 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). When a summary judgment movant is required to produce "conclusive" evidence, it means that only one logical conclusion can be drawn from the evidence. *Jones v. Energen Res. Corp.*, No. 07-18-00132-CV, 2020 Tex. App. LEXIS 854, at *5 (Tex. App.—Amarillo Jan. 29, 2020, no pet.) (mem. op.) ("Evidence is conclusive when reasonable people could not disagree in their conclusions.") (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005)).[5]

---

[5] There is a critical difference between "undisputed evidence" and "conclusive" evidence: undisputed evidence can be susceptible to competing interpretations, whereas conclusive evidence points only to a single logical conclusion. *Nat. Gas Pipeline Co. of Am. v. Justiss*, 397 S.W.3d 150, 154 (Tex. 2012) (citing *City of Keller*, 168 S.W.3d at 815-16) (conclusive "evidence must also have only one logical inference. Undisputed evidence that reasonable jurors could disbelieve has two: (1) it is true, or (2) it is not."). *See also Flores v. Medline Indus., Inc.*, No. 13-14-00436-CV, 2015 Tex. App. LEXIS 12719, at *16 (Tex. App.—Corpus Christi Dec. 17, 2015, no pet.) (rejecting undisputed affidavit as inconclusive because truthfulness of statements contained therein were dependent upon assessment of affiant's credibility).

**Analysis**

**I. Did LaTour "waive" its summary judgment awarding ownership of Tract 2 when the jury rejected LaTour's trespass claims?**

Before we assess whether the district court committed any error, it is necessary to determine whether the summary judgment finding that LaTour had acquired Tract 2 by adverse possession was undermined when the jury unanimously found that neither Austin Street nor Christy trespassed on the property. The Supreme Court has held that "a trial court's erroneous decision to grant summary judgment can be rendered harmless by subsequent events in the trial court." *Progressive County Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 921 (Tex. 2005) (citing *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998)). For the reasons stated below, however, we hold that the jury's verdict of "No" on the trespass issue did not affect the viability of the district court's summary judgment awarding LaTour Tract 2 by limitations.

Here is what the jury was asked in the court's broad-form submission[6] of the trespass issue:

> Did Paul Christy or 2027 Austin Street, LLC, or both, trespass on LaTour Condominium, Inc.'s property?
>
> "Trespass" means an entry on the property of another without having consent of the owners. To constitute trespass, entry upon another's property need not be in person, but may be made by causing or permitting a thing to cross the boundary of the property.
>
> Answer "Yes" or "No".
>
> Answer as to Paul Christy: <u>NO</u>

---

[6] No party put the district court on notice of a desire to submit the elements of trespass in granulated form. *In re A.V.*, 113 S.W.3d 355, 363 (Tex. 2003) (discussing requisites of *Casteel*-type objections).

8

Answer as to 2027 Austin Street: <u>NO</u>

While the jury's answer of "Yes" might have supported a conclusion that it believed LaTour owned the property, the jury's failure to find a trespass does not permit the opposite conclusion, i.e., that LaTour did *not* own Tract 2. This is particularly true because the definition of trespass – as charged – contained a discussion of ownership alongside other elements pertaining to entry onto the property and whether Appellants acted with consent. The jury could have answered "No" for reasons unrelated to ownership, including a belief that LaTour failed to carry its burden of proof. *See Phila. Indem. Ins. Co. v. White*, 490 S.W.3d 468, 488 (Tex. 2016) (holding that characterization of jury's non-finding regarding White's alleged negligence as a "finding that White did not cause the damage [] misinterprets the jury's finding"); *Battaglia v. Alexander*, 177 S.W.3d 893, 903 (Tex. 2005) ("The jury's failure to find Battaglia negligent was not an affirmative finding that Battaglia was not negligent"); *Grenwelge v. Shamrock Reconstructors, Inc.*, 705 S.W.2d 693, 694 (Tex. 1986) ("The jury's failure to find that Shamrock breached the contract merely means that the Grenwelges failed to carry their burden of proving the fact. It does not mean the reverse, that Shamrock substantially performed the contract.").

We hold that the jury's non-finding of a trespass by Austin Street or Christy fails to support Appellants' conclusion that the jury made a finding supplanting the district court's summary judgment order of ownership of Tract 2 by adverse possession.

## II. Did LaTour conclusively prove the elements of title to Tract 2 by limitations?

Austin Street and Christy also challenge the district court's grant of summary judgment and whether the evidence conclusively supports title by limitations.

9

A. <u>Elements for proving title by limitations (adverse possession).</u>

A litigant suing in trespass to try title must recover on the strength of its own title. *Land v. Turner,* 377 S.W.2d 181, 183 (Tex. 1964). Recovery may be had by proof of (1) a regular chain of conveyances from the sovereign, (2) a superior title out of a common source, (3) title by limitations (i.e., adverse possession), or (4) prior possession without abandonment. *Brumley v. McDuff*, No. 19-0365, 2021 Tex. LEXIS 118, at *9 (Feb. 5, 2021) (citing *id.*). LaTour sought to prove title by the third theory. TEX. CIV. PRAC. & REM. CODE ANN. § 16.026(a). Adverse possession means an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and hostile to the claim of another person. TEX. CIV. PRAC. & REM. CODE ANN. § 16.021(1) (West 2002). An adverse possession claimant must show: (1) visible appropriation and possession of the disputed property; (2) that is open and notorious; (3) that is peaceable; (4) under a claim of right; (5) that is adverse and hostile to the claim of the owner; and (6) consistent and continuous for the duration of the statutory period. *Wells v. Johnson,* 443 S.W.3d 479, 489 (Tex. App.—Amarillo 2014, pet. denied) (citation omitted).

"A person must bring suit not later than 10 years after the day the cause of action accrues to recover real property held in peaceable and adverse possession by another who cultivates, uses, or enjoys the property." TEX. CIV. PRAC. & REM. CODE ANN. § 16.026(a). Although title to land by adverse possession may be shown as a matter of law when the facts are conclusive, *see King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 757-58 (Tex. 2003), adverse possession normally presents questions of fact. *Bywaters v. Gannon,* 686 S.W.2d 593, 595 (Tex. 1985); *La. Pac. Corp. v. Holmes,* 94 S.W.3d 834, 838 (Tex. App.—San Antonio 2002, pet denied) (noting exclusiveness of claimant's

10

possession is ordinarily a fact question to be determined by the trier of fact) (citation omitted).

B. <u>The summary judgment evidence does not conclusively show LaTour's intent to claim Tract 2 as its own during the limitations period.</u>

As noted above, Civil Practice and Remedies Code section 16.021(1) requires an adverse possession claimant to show appropriation of real property that is "inconsistent with" and "hostile to" the claims of all others. *Minh Thu Tran v. Macha,* 213 S.W.3d 913, 914 (Tex. 2006) (per curiam). "'[H]ostile' use does not require an intention to dispossess the rightful owner, or even know that there is one. But there must be an intention to claim property as one's own to the exclusion of all others." *Id.* at 915. As the Supreme Court has held since 1956, "'[m]ere occupancy of land without any intention to appropriate it will not support the statute of limitations.'" *Ellis v. Jansing*, 620 S.W.2d 569, 571 (Tex. 1981) (quoting *Wright v. Vernon Compress Company*, 156 Tex. 474, 296 S.W.2d 517 (1956)).

The district court's grant of summary judgment was in error because the evidence does not conclusively demonstrate that LaTour occupied Tract 2 with intent to claim the property as its own to the exclusion of all others. LaTour does not seek to prove that it physically and continuously occupied the whole of Tract 2 for the entire limitations period; rather it argued, in part, that its residents used the parking lot for the limitations period. While multiple periods of possession by two or more persons might be combined to fulfill the limitations period, the evidence must prove that the possessors acted in concert with one another. *Anzaldua v. Richardson*, 287 S.W.2d 299, 300 (Tex. Civ. App.—San Antonio 1956, writ ref'd n.r.e.). Even assuming for the purpose of argument that LaTour's residents stand in the shoes of LaTour, there is no evidence in the summary judgment

11

record to indicate what LaTour's residents intended when they parked their vehicles in Tract 2, nor evidence that multiple residents acted in concert so that LaTour would exclusively own the property. "[P]ossession must be of such character as to indicate *unmistakably* an assertion of a claim of exclusive ownership in the occupant." *Tran,* 213 S.W.3d at 914 (internal quotation marks and citations omitted, emphasis in original).

Even the testimony of LaTour's corporate representative during litigation suggests an inconsistency regarding what the Appellee intended. During his deposition, Templer testified as follows:

> Q. Is LaTour asserting ownership of the southern half or just ownership of a prescriptive easement over the southern half?
>
> A. Prescriptive easement.
>
> Q. So they're not going to try to change the boundary line?
>
> A. No, sir.

Elsewhere in Templer's deposition the following exchange occurred:

> Q. If I told you that you're also seeking to have a judge declare that you own the southern half of that parking lot, would that sound right?
>
> A. Yes, sir.
>
> Q. And again, you're asking the judge to declare that LaTour owns that southern half?
>
> A. No. I think the way it's worded is we're asking for the judge to declare that we have a prescriptive easement over the south half of that lot by use that we've used for adverse possession for 60 years.
>
> Q. Okay. So you're not saying that you own the lot?
>
> A. We're asking for him to declare that our prescriptive easement is correct.

12

In its brief, LaTour attempts to reconcile the testimony's inconsistency with its legal position by stating that "Templer was asked confusing questions with undefined, legal terms during his deposition." While a jury might have resolved the potential conflicting testimony by agreeing that Templer was confused, we are not at liberty to make that conclusion given the standard for reviewing a summary judgment. *Hennigan v. I.P. Pet. Co.*, 858 S.W.2d 371, 372 (Tex. 1993) (holding that "Hennigan's averment that she was confused in responding to deposition questions raises a genuine issue of material fact regarding Hennigan's gender discrimination claim."). Because the summary judgment evidence does not conclusively demonstrate that LaTour intended to appropriate the entirety of Tract 2 to the exclusion of Austin Street and all others, we hold that the district court erred in granting LaTour's motion for summary judgment and awarding Tract 2 by limitations.

LaTour substantially relies on the presence of the tow-away signs as proof of its adverse ownership claim of Tract 2. The presence of signage can support an adverse possession claim in some circumstances. *See Click v. Collins*, 273 S.W.2d 90, 91-93 (Tex. Civ. App.—Galveston 1954, writ ref'd n.r.e.) (considering "no trespassing" signs among the evidence that showed adverse possessor excluded title owner from land, when possessor built a fence to enclose the land and grazing cattle "indiscriminately" and "continuously" within the enclosed area for 26 years). However, the presence of the signs in this case is not sufficient to conclusively satisfy LaTour's burden. *See Roberts v. Ratliff*, No. 02-18-00125-CV, 2018 Tex. App. LEXIS 6296, at *29 (Tex. App.—Fort Worth Aug. 9, 2018, no pet.) (mem. op.) (holding that evidence of property's joint use and the

13

ambiguous intent for fence defeated conclusive proof of adverse possession despite evidence of "no trespassing" signs on the fence).

First, the signs' language restricting parking to authorized vehicles does not show unmistakable intent to exclude all drivers except LaTour residents from using the parking spaces in Tract 2. Even if the language on the signs could be read to suggest that parking is exclusive to LaTour residents and guests, the summary judgment record does not conclusively indicate that the signs' generalized placement would put drivers on notice that LaTour was claiming the spaces in Tract 2. The signs' intended purpose becomes more amorphous in the language that threatens to tow "unauthorized" vehicles; during the limitations period, Canterbury's tenants were legally authorized to use the parking spaces. We hold that the record evidence regarding the no trespassing signs failed to conclusively satisfy LaTour's summary judgment burden. *See Roberts*, No. 02-18-00125-CV, 2018 Tex. App. LEXIS 6296, at *29-30 (observing that evidence of joint use of property rendered meaning of "no trespassing" signs to be subject to more than one meaning regarding intent: "That Leonard placed no trespassing signs on the fence by the pond could be consistent with either his exclusive intent to keep Lucille and the Couch Heirs off the Disputed Property *or an intent to keep all those other than permitted grazers and users off the property*.") (emphasis added).

Second, even if the signs had been intended by LaTour to exclude Canterbury tenants, there is no conclusory evidence that the signs were effective or that Appellants were *actually* excluded. Templer, in fact, testified that he observed people park in the spaces and walk over to the Canterbury Apartments, yet was unaware of anyone ever being towed for unauthorized parking. We hold that such evidence does not conclusively

14

establish LaTour's intent or of its exclusive and hostile claim of possession over Tract 2. *Rick v. Grubbs,* 147 Tex. 267, 214 S.W.2d 925, 927 (1948) (requiring adverse possession to prove owner was "wholly excluded" from the land).

Because we sustain Appellants' complaint that the district court erred in granting summary judgment awarding Tract 2 to LaTour, it is unnecessary to consider Appellants' additional arguments regarding that issue.

## III. Did LaTour conclusively prove the elements of a prescriptive easement over Tract 1?

By its second issue, Appellants argue the district court erred by declaring that LaTour possessed a prescriptive easement over Tract 1. We agree.

A prescriptive easement is shown by "the open, notorious, hostile, adverse, uninterrupted, exclusive and continuous use of the servient estate for a period of more than ten years, and the absence of any of these elements is fatal to the prescriptive claim." *Allen v. Allen,* 280 S.W.3d 366, 377 (Tex. App.—Amarillo 2008, pet. denied); *see also Brooks v. Jones,* 578 S.W.2d 669, 673 (Tex. 1979) ("To obtain a prescriptive easement one must use someone else's land in a manner that is open, notorious, continuous, exclusive, and adverse for the requisite period of time."). Additionally, "the owner of the subservient estate must have actual or constructive notice that there was an adverse and hostile claim against the property." *Allen,* 280 S.W.3d at 378. Thus, the elements for the prescriptive easement track those for adverse possession. *Harrington v. Dawson-Conway Ranch, Ltd.,* 372 S.W.3d 711, 718 (Tex. App.—Eastland 2012, pet. denied) ("[C]laim of prescription must be supported by proof of all of the elements that are involved in the statute of limitations for adverse possession."). Prescriptive easements are not

15

well-regarded in the law. *Wallace v. Kent Cty.,* No. 07-11-00427-CV, 2013 Tex. App. LEXIS 10573, at *10-11 (Tex. App.—Amarillo Aug. 21, 2013, no pet.) (mem. op.) (citing *Dawson-Conway Ranch,* 372 S.W.3d at 716).

As with a claim of adverse possession, joint use of property by the claimant and the owner generally precludes establishment of a prescriptive easement as a matter of law. *RDG P'ship v. Long*, 350 S.W.3d 262, 275 (Tex. App.—San Antonio 2011, no pet.) (affirming no-evidence summary judgment for title owner when evidence undisputedly established joint use of road); *Allen*, 280 S.W.3d at 378 ("Joint continuous use, without a legally adverse or hostile act, is not sufficient."). "It has long been the law in Texas that when a landowner and the claimant of an easement both use the same way, the use by the claimant is not exclusive of the owner's use and therefore will not be considered adverse." *Brooks,* 578 S.W.2d at 673.

Evidence is replete in the summary judgment record that residents of LaTour and Canterbury "mutually" used Tract 1 for ingress and egress to the parking area. As Templer acknowledged in his deposition:

> Q. So approximately in the middle of that parking lot, whether they park on the north or the south, whether they park on the Canterbury or the LaTour side, cars have used that middle area to access the striped parking spots?
>
> A. For both sides, yes, sir.
>
> . . .
>
> Q. But whether they're using the Canterbury spots on the north or the LaTour spots on the south, cars have used the middle area to access the parking spots?
>
> A. Mutually, yes, sir.
>
> Q. And to your knowledge, how long has that been the case?

16

A. Since Canterbury was built I assume . . .

. . .

Q. Is there any area of land that LaTour uses to access that parking lot that Canterbury and its residents do not use?

A. I don't think so.

Other witnesses confirmed Templer's observations of joint use of Tract 1. LaTour's theory appears to acknowledge that Tract 1 has been used jointly, but takes that position that "50 years of using it" somehow transforms joint use into exclusive use.

The evidence shows the parties have always engaged in peaceable joint use of Tract 1 as the way into and across the parking lot and for access to parking spaces along the south and north ends of the lot. Accordingly, we hold the summary judgment record does not contain conclusive proof of LaTour's exclusive and hostile use of Tract 1. We conclude the district court erred by rendering a declaratory judgment that LaTour possessed a prescriptive easement over Tract 1.

**IV. Did the district court err in granting LaTour's no evidence motion for summary judgment?**

Appellants next argue that the district court erred in granting LaTour's no evidence motion for summary judgment. As we have determined earlier in this opinion that the district court erred in granting traditional summary judgment motions regarding Tracts 1 and 2, it may be unnecessary to address this issue. However, we briefly consider this argument because of the effect it may have on remand.

No-evidence motions for summary judgment are an improper procedural remedy for plaintiffs attempting to prove their claims are conclusively established by the evidence.

17

*See Nowak v. DAS Inv. Corp.*, 110 S.W.3d 677, 679 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (holding that "[A] party may never properly move for no-evidence summary judgment to prevail on its own claim or affirmative defense for which it has the burden of proof . . ."). In its no-evidence motion, LaTour alleged Austin Street could not present any evidence of permissive use of the parking lot or interruption of LaTour's adverse use of the parking lot.[7] We hold that exclusivity (i.e.*,* non-permissive use) and continuous use are elements LaTour was required to prove conclusively as a part of its summary judgment burden. *Wells,* 443 S.W.3d at 489. Appellants therefore did not possess any burden of proving permissive use or interruption of adverse use. We hold that the district court erred in granting LaTour's no-evidence motion for summary judgment.

## V. Did LaTour waive its right to complain about the jury's adverse findings by moving for the court to render judgment on the verdict?

We next examine LaTour's cross-issues on appeal. Via two issues, LaTour complains the district court erred in rendering a take-nothing judgment on LaTour's claims of trespass and request for attorney's fees. We hold that LaTour waived complaint of these issues by unconditionally asking the district court to render judgment on the jury's verdict.

---

[7] LaTour also asserted Austin Street and Christy had no evidence of their slander of title claim and no evidence of an exception to LaTour's absolute privilege to assert its trespass to try title claim. With leave of court, Austin Street and Christy filed an amended answer and counterclaim prior to the trial court's ruling on LaTour's motions for traditional and no evidence summary judgment. The amended answer does not affirmatively assert an exception to LaTour's privilege to raise an adverse possession claim nor does the counterclaim allege a slander of title claim. Moreover, the trial court's final judgment is silent on these claims. *See North East Independent School District v. Aldridge,* 400 S.W.2d 893, 898-99 (Tex.1966) ("When a judgment, not intrinsically interlocutory in character, is rendered and entered in a case regularly set for a conventional trial on the merits, no order for a separate trial of issues having been entered pursuant to Rule 174, Texas Rules of Civil Procedure, it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties.").

After the jury answered "No" to whether Appellants committed trespass and awarded "$0" to LaTour for each item of attorney's fees, LaTour filed a motion for the district court to enter judgment on the verdict. LaTour's motion was unconditional; it did not attempt to preserve any complaint about the jury's verdict: "Plaintiff seeks to have the Court enter judgment based upon the jury's Verdict, this Court's December 6, 2018 Summary Judgment Order, the live pleadings of the parties, and the evidence and admissions made during the trial of this cause." The district court signed a judgment proposed by LaTour that denied the relief for which LaTour now complains.

When a party moves for judgment on the verdict without any reservation of rights or objections, the party is affirming that the jury's findings find support in the evidence. *Russell v. Dunn Equipment, Inc.*, 712 S.W.2d 542, 545 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). When a party moves for judgment on the jury verdict and the court renders judgment as requested, the party is barred from subsequently complaining on appeal that the jury's findings have no support in the evidence or are factually insufficient. *Litton Indus. Prods., Inc. v. Gammage,* 668 S.W.2d 319, 322 (Tex. 1984). If a party desires to obtain a judgment yet reserve the right to complain on appeal, it must expressly say so in its motion. *First Nat. Bank of Beeville v. Fojtik*, 775 S.W.2d 632, 633 (Tex. 1989).

At oral argument, LaTour contended it had not waived its cross-complaint because it filed a motion for new trial after the judgment was signed. We hold that without conditional language in the motion to enter judgment that indicated any objection to the verdict, the district court could have only understood LaTour to be agreeing with the verdict at the time the judgment was signed. In *Litton*, the defendant in a suit alleging

19

violations of the Texas Deceptive Trade Practices Act moved for the trial court to render judgment on the verdict for the actual damages found by the jury. 668 S.W.2d at 321. The motion did not, however, discuss the jury's award of exemplary damages. Litton urged that it had not waived its right to complain about the judgment because it filed a brief challenging the adverse verdict. The Supreme Court held that "[b]y filing its motion that the trial court render judgment on the verdict for the actual damages found by the jury, Litton could not, on appeal, take a position inconsistent with that part of the judgment." *Id.* at 321-22. Because Litton had not requested rendition of judgment on the award of exemplary damages, the high court held that complaint was not waived.

Here, we hold that, consistent with *Litton*, LaTour failed to sufficiently apprise the district court of its right to complain on appeal when it filed the motion to render judgment on the verdict. We therefore hold that LaTour has waived its ability to complain that the jury's adverse findings were unsupported by sufficient evidence. LaTour's second and third issues are overruled.

**VI. On remand, the district court is directed to reconsider Austin Street's remaining issues in light of this Court's reversal of the grant of summary judgment.**

In its remaining issues, Austin Street argues the district court erred by rendering permanent injunctive relief in favor of LaTour and ordering payment of a bond of $1,000. These issues relate to the district court's error in granting LaTour's traditional motion for summary judgment, awarding title to Tract 2 by adverse possession, and awarding a prescriptive easement over Tract 1. Because we sustain Appellants' complaints regarding those issues, we vacate the district court's orders as to injunctive relief and

20

bond and remand those issues to the district court for reconsideration in light of this Court's order.

## Conclusion

We hold that the district court erred in granting LaTour's motion for summary judgment and in awarding LaTour Tract 2 by adverse possession and a prescriptive easement over Tract 1. We thus reverse the judgment of the district court as to those issues and remand to the district court. We likewise vacate the district court's orders in awarding permanent injunctive relief in favor of LaTour and ordering payment of a bond of $1,000, and remand those issues for reconsideration in light of this Court's order.

We also overrule LaTour's issues and affirm the portion of the district court's judgment that orders LaTour take nothing as to its claims for trespass and for attorney's fees.

Lawrence M. Doss
Justice

Quinn, C.J., concurs in the result.

21